IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Aaron Walden, ) | C/A No. 0:15-3634-BHH-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
| Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Michael Aaron Walden, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:



    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform his past relevant work; and

    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In June 2012, Walden applied for DIB and SSI, alleging disability beginning March 24, 2011. Walden's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on November 5, 2013 at which Walden, who was represented by Nowell S. Lesser, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 3, 2013 concluding that Walden was not disabled from March 24, 2011 through the date of the decision. (Tr. 35-43.)

Walden was born in 1979 and was thirty-one years old at the time of his alleged disability onset date. (Tr. 42.) He has a high school education and special training at a firefighting academy, and has past relevant work experience as a firefighter, a cook, a mechanic, a sales associate, and a welder. (Tr. 232.) Walden alleged disability due to an injury to his back and knees, a bulging disc, a torn patella, severe nerve pain, numbness in his left foot, and severe muscle spasms. (Tr. 231.)

In applying the five-step sequential process, the ALJ found that Walden had not engaged in substantial gainful activity since March 24, 2011—his alleged onset date. The ALJ also determined that Walden's back disorder, left knee disorder, and depression were severe impairments. However, the ALJ found that Walden did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found that Walden retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, crouch, crawl, kneel, and stoop; is limited to jobs that allow for using a cane for ambulation and walking over uneven terrain or prolonged a[m]bulation; must avoid exposure to unprotected heights; and is limited to simple, routine, and repetitive tasks in a low stress environment with only occasional interaction with the public.



(Tr. 39.) The ALJ found that Walden was unable to perform past relevant work but that, considering Walden's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Walden could perform. Therefore, the ALJ found that Walden was not disabled from March 24, 2011 through the date of his decision.

The Appeals Council denied Walden's request for review on July 10, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUES**

Walden raises the following issues for this judicial review:

I. The ALJ violated social security rules and regulations in rejecting the opinions of Mr. Walden's treating physicians; and

II. The ALJ performed a flawed credibility test; and

III. The ALJ failed to consider the combination of impairments.

(Pl.'s Br., ECF No. 15.)

**DISCUSSION**

As indicated above, Walden raises several issues for this judicial review. Upon review of the parties' arguments, the ALJ's decision as a whole, and the record, the court is constrained to recommend that this matter be remanded for further consideration and analysis by the ALJ. The court is unable to determine whether the ALJ's decision is supported by substantial evidence as the decision provides very little actual analysis. Walden's issues on appeal essentially argue that the ALJ erred in failing to properly evaluate several aspects of Walden's disability claim.

For example, in evaluating Walden's credibility, the ALJ generally stated that he found that Walden's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible for the reasons explained in the decision. (Tr. 39-40.) However, the decision does not appear to ever provide an explanation. The ALJ simply summarizes the medical evidence and the opinion evidence and then summarily states as follows:

> Although the claimant's allegations of such significant limitations and pain were not fully consistent with the medical evidence of record, I accorded the claimant the benefit of the doubt and further reduced the residual functional capacity to include his limitations as described above. However, I cannot find the claimant's allegations



> that he is incapable of all work activity to be credible because of significant inconsistencies in the record as a whole.

(Tr. 42.) The ALJ's decision, considered as a whole, fails to reflect that he considered the relevant factors in evaluating Walden's credibility. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing the relevant factors that the Commissioner will consider in evaluating subjective complaints). Thus, the court cannot say that the ALJ's decision "contain[s] specific reasons for the finding on credibility, supported by the evidence in the case record" and is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The ALJ's evaluation of the opinion evidence is similarly deficient as it is unclear whether the ALJ applied the relevant factors in evaluating and weighing this evidence. See Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (discussing the non-exclusive list in evaluating and weighing opinion evidence) (citing 20 C.F.R. § 404.1527). Overall, the ALJ provides a cursory analysis of the doctors' opinions. Further, the ALJ's decision appears to fail to "contain specific reasons for the weight given to the treating source[s'] medical opinion[s], supported by the evidence in the case record," and to "be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source[s'] medical opinion[s] and the reasons for that weight." SSR 96-2p.

Finally, other than one boilerplate statement in finding number four stating that Walden "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," the ALJ's decision fails to indicate that he considered the combined effect of Walden's impairments. See 20 C.F.R. § 404.1523; Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989).

Therefore, upon review of the ALJ's decision as a whole, the court is unable to determine whether the ALJ's decision is supported by substantial evidence or if the ALJ applied the correct legal standard. Accordingly, this matter should be remanded for the ALJ to further consider and properly address Walden's credibility, the opinion evidence, and his impairments in combination.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

October 28, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).