IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Aaron Walden, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Nancy A. Berryhill, Acting ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 0:15-3634-BHH <br><br> **ORDER** |

On May 17, 2018, Beatrice E. Whitten, counsel for Plaintiff, filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29.) Specifically, counsel requests reimbursement for representation provided in the above-captioned case in the amount of $18,533.50.[1]

As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than twenty-five percent (25%) of the past-due benefits recovered by Plaintiff. On June 18, 2018, counsel for the Acting Commissioner of Social Security ("Commissioner") filed a response to the motion, in which she states that the Commissioner does not oppose the motion but clarifies that the fees are for court time only. (ECF No. 30.) The Court has reviewed the motion and exhibits and finds that counsel's request for fees is reasonable.

Accordingly, IT IS **ORDERED** that Plaintiff's counsel's motion for attorney's fees (ECF No. 29) pursuant to the Social Security Act, 42 U .S.C. § 406(b), is **GRANTED** in the amount of $18,533.50. Plaintiff's counsel shall refund to Plaintiff the amount of fees

---

[1] Plaintiff was awarded a total of $74,134.00 in back-due benefits.

previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

June 27, 2018
Charleston, South Carolina

---

[2] Plaintiff received $5,500.00 in attorney's fees under EAJA, and Plaintiff's counsel must refund to Plaintiff the amount of fees already received. (ECF No. 28.) *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fees may be awarded under both § 406(b) and EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee) (internal quotations and citation omitted); *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010).